**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **SCOTT MINNICK,** | § | |
| | § | |
| **V.** | § | **A-13-CV-480-LY-AWA** |
| | § | |
| **BRITNEY LANE AND EVETTE** | § | |
| **ALEXANDER.** | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND**
**REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

Before the Court is Scott Minnick's ("Minnick") Application to Proceed *In Forma Pauperis* (Dkt. No. 1). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Minnick's Financial Affidavit in support of his *in forma pauperis* motion, the Court finds that he is indigent. Accordingly, the Court HEREBY GRANTS Minnick *in forma pauperis* status and ORDERS his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Minnick is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a § 1915(e) review of the claims made in Minnick's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon Defendants should be withheld** pending the District Court's review of the recommendations made in this report.  If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.  SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

Because Minnick has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review the Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  "A complaint filed IFP may be dismissed as frivolous if it lacks an arguable basis in law or fact," *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration or trivial."  *Deutsch v. United States*, 67 F.3d 1080, 1083 (3rd Cir. 1995).

Pro se complaints are liberally construed in favor of the plaintiff.  *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972).  The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983).  A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Haines v. Kerner*, 404 U.S. 519, 520–521 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  However, the

petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## A.    Factual Allegations and Claims

Minnick files the instant complaint under 42 U.S.C. § 1983, alleging violations of his civil rights by Defendants Britney Lane ("Lane"), a deputy or assistant district clerk in the Hays County District Clerk's Office, and Evette Alexander ("Alexander"), a deputy or assistant clerk supervisor in the Hays County District Clerk's Office.  Dkt. No. 1, Attachment 1.  According to Minnick, on or about February 25, 2013, he sought to file a state civil action in the Hays County District Clerk's Office without payment of the $166.00 filing and service fee.  Minnick alleges that he submitted a proper affidavit of indigency along with his state civil suit, but that Lane and Alexander refused to cause service of process without payment of the fee despite Minnick's assertion that he was indigent and did not have $166.00 for the filing fee.  Minnick claims that he returned to the Hays County District Clerk's Office on or about March 4, 2013, and repeated his protests.  Minnick alleges that following his repeated protests, Lane and Alexander finally agreed to cause service of process upon the defendants in Minnick's state civil action.

Minnick complains that the actions of Lane and Alexander resulted in significant delays in causing service of process to be completed in his state civil suit.  Broadly construed, Minnick brings the following claims against Lane and Alexander: (1) violation of his First Amendment right to petition the state judiciary for redress of grievances; (2) violation of his rights under the Texas Constitution, Article I, § 13; (3) violation of his equal protection rights under the Fourteenth

Amendment resulting from Lane's and Alexander's invidious discrimination against him due to his indigency and/or pro se status; and (4) infliction of extreme emotional distress and suffering.

Minnick seeks a declaratory judgment proclaiming that the complained-of acts or failure to act by Lane and Alexander violated his First and Fourteenth Amendment rights.  Dkt. No. 1, Attachment 1 at 4–5.  Minnick also asks for compensatory and exemplary damages totaling $200,000.  *Id.* at 5.  Additionally, Minnick requests this Court to appoint counsel to represent him and to enter preliminary injunctive relief, prohibiting Lane, Alexander, and any officials of Hays County, Texas, or the city of San Marcos from engaging in any form of harassment or retaliation against Minnick for filing the instant suit.  *Id.*

From Minnick's complaint, it is difficult to ascertain whether he is suing Lane and Alexander in their official capacities, individual capacities, or both.  Minnick claims that Lane and Alexander "acted under color of state law to deprive" him of his rights, but also claims that "[e]ach named Defendant is being sued in their [sic] individual capacities."  Dkt. No. 1, Attachment 1 at 1. Because the Court is to construe Minnick's complaint liberally, the Court will consider his allegations as if he brought suit against Lane and Alexander in both their official and individual capacities.  After considering Minnick's complaint, the undersigned concludes that the instant suit should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

**B.     Discussion of Minnick's Access to Courts Claim**

Minnick claims that the actions of Lane and Alexander resulted in a violation of his First Amendment right to petition the courts.  Dkt. No. 1, Attachment 1 at 4.  The Fifth Circuit has consistently recognized that "[m]eaningful access to the courts is a fundamental constitutional right, grounded in the First Amendment right to petition and the Fifth and Fourteenth Amendment due

4

process clauses." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citing *Chrissy F. v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 851 (5th Cir. 1991)).  However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992); *see also Dallas v. Stevens*, No. 94-60216, 1995 WL 450095 at *1 (5th Cir. June 30, 1995) (per curiam) ("A plaintiff cannot establish a cognizable denial-of-access-to-the-courts claim unless his position was prejudiced by the alleged deprivation.").

Here, Minnick presents no evidence to suggest that he was prejudiced by the week-long delay in service of process upon the defendants in his state case.  For example, there is no allegation that the delay prevented Minnick from pursuing his claims in state court and no contention that he suffered an adverse judgment in his state suit due to the delay in service of process.  From Minnick's complaint, it does not appear that Minnick's state suit has even been resolved.  Because Minnick has not shown that he suffered prejudice as a result of the delay, he has failed to establish  a denial-of-access-to-the-courts claim.  *See, e.g.*, *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988) (finding that the delay in processing a prisoner's mail did not give rise to a constitutional violation because the error was corrected in time to allow prisoner to timely file is writ application).

**C.    Discussion of Minnick's Equal Protection Claim**

Minnick further alleges that the actions of Lane and Alexander violated his equal protection rights, evidenced by the discrimination against him due to his indigency and/or "pro se indigency" status. Dkt. No. 1, Attachment 1 at 4.  "Under federal law, the Equal Protection Clause essentially directs that all persons similarly situated be treated alike." *Wheeler v. Miller*, 168 F.3d 241, 252 (5th Cir. 1999) (per curiam).  "Generally, to establish an equal protection claim, the plaintiff must prove that similarly situated individuals were treated differently." *Id.*  Usually, a plaintiff must show more

than disparate impact; "a showing of discriminatory intent or purpose is required to establish a valid equal protection claim." *United States v. Crew*, 916 F.2d 980, 984 (5th Cir. 1990); *see also Doe v. Silsbee Ind. Sch. Dist.*, 440 Fed.Appx. 421, 426 (5th Cir. 2011).

In his complaint, Minnick does not even allege that other similarly-situated individuals were treated differently by Lane and Alexander.  Minnick merely complains that Lane and Alexander initially refused to facilitate service of process upon the defendants in his state lawsuit as a result of his inability to pay the $166.00 fee.  There is no discussion or allegation that Lane and Alexander treated other similarly-situated individuals differently.  As such, Minnick has failed to state a valid equal protection claim and his cause of action should be dismissed.

Broadly construed, Minnick's equal protection claim would still fail if considered under the "class of one" theory.  The Supreme Court has recognized "successful equal protection claims brought by a 'class of one.'" *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  To establish an equal protection claim based on a "class of one," Minnick must show, or at least allege, that "(1) he . . . was treated differently from others similarly situated and (2) there was no rational basis for the disparate treatment." *Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007); *see also Lindquist v. City of Pasadena, Tex.*, 669 F.3d 225, 233 (5th Cir. 2012).  Here, Minnick has simply alleged that Lane and Alexander discriminated against him based on his inability to pay the required fee.  As noted previously, he makes no claim that Lane and Alexander treated him differently from others similarly situated.  Furthermore, to the extent Minnick argues that Lane and Alexander treated him differently from individuals who *are* able to pay the $166.00 fee, his claim would fail on the second prong.  Although access to courts is a well-established right, "[t]here is no absolute right to proceed in court without paying a filing fee in civil matters." *Holmes v. Hardy*, 852

F.2d 151, 153 (5th Cir. 1988) (rejecting plaintiffs' contention that defendant, who was the clerk of the state court for Harris County, Texas, violated their constitutional rights by challenging their indigency status in a state court proceeding).  Imposing a fee for the filing of a lawsuit is certainly rationally related to the legitimate state interests of "deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources." *Carson v. Johnson*, 112 F.3d 818, 822 (5th Cir. 1997).  Thus, analyzing Minnick's argument under the "class of one" theory, he would still be unable to state a viable equal protection claim.

**D.      Discussion of Minnick's State Law Claims**

Finally, the Court addresses Minnick's remaining claims under state law that the actions of Lane and Alexander (1) violated his rights under the Texas Constitution, Article I, § 13 and (2) caused extreme emotional distress and suffering.  To state a claim under § 1983, Minnick must allege a federal constitutional violation by one or more state actors.  *Johnson v. Dallas Ind. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).  However, "[a] violation of state law without more is insufficient to establish a constitutional violation."  *Dallas*, 1995 WL 450095 at *1 (citing *Levitt v. Univ. of Tex. at El Paso*, 759 F.2d 1224, 1230 (5th Cir. 1985)).  Because the Court determines that Minnick has failed to establish an independent constitutional violation, his state law claims brought under § 1983 must also be dismissed.

Furthermore, to the extent Minnick seeks to bring independent state law claims, the Court declines to consider the merits of those claims.  As the Supreme Court counseled in *United Mine Workers v. Gibbs*:

> [Pendent jurisdiction] need not be exercised in every case in which it is found to exist.  It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.  Its justification lies in considerations of judicial

> economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them.

383 U.S. 715, 726 (1966). Additionally, the Supreme Court has also recognized that:

> in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Cohill*, 484 U.S. at 350 n.7.

If the district judge accepts the recommendations above with regard to the federal law claims, the only claims remaining in this case would be the state claims. Based on the principles articulated above, the undersigned recommends that the district judge decline to exercise its pendent jurisdiction over the state-law claims, and dismiss all of those claims without prejudice to being re-filed in state court. In summary, it is recommended that the District Court restrict its consideration of the issues to the federal questions in this case and limit its ruling to the claims brought under § 1983, leaving the remaining state-law claims to the state courts for determination.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Minnick *in forma pauperis* status (Dkt. No. 1). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

The undersigned **FURTHER RECOMMENDS** that the District Court dismiss Minnick's federal cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismiss without prejudice his state law claims.

## IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of July, 2013.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE